### Hails, Trustee v. Johnson and Stein.

(Decided July 1, 1924.)

### Appeal from Allen Circuit Court.

1. Mines and Minerals—Finding of Abandonment by Lessees Sustained.—Where lessees went away and left property and engaged in developments of other oil leases for three years, finding of abandonment was warranted.

2.  Mines and Minerals—Abandonment of Premises by Lessees May be Inferred from Conduct.—An abandonment by lessees under oil lease need not be proclaimed but may be inferred from conduct.

3.  Mines and Minerals—Lessees Bound to Diligently Work and Operate Lease.—If oil and gas are found in paying quantities, lessees are bound to diligently work and operate lease so as to bring product to a present market and so as to promptly yield lessor his royalties.

J. S. LUSHER for appellant.

JOHN B. RODES, S. R. CREWDSON and COLEMAN TAYLOR for appellees.

Opinion of the Court by Chief Justice Sampson— Affirming.

In May, 1913, M. F. Duke and her husband, A. W. Duke, and others leased a tract of 20 acres of land in Allen county to the White Plains Oil & Gas Company, a corporation, "for the sole and only purpose of mining and operating for oil and gas," the lease to remain in force for a term of ten years from its date. No rentals were reserved and the lease contract contained no forfeiture clause in the ordinary sense. There was, however, a provision reading:

"The party of the second part agrees to begin a well on said premises in good faith within sixty days from the date hereof or this lease to be null and void."

In addition to the foregoing the lease contract contains all the usual terms and conditions embodied in such writings. Soon after the making of the lease the company entered upon the leasehold and drilled a well, but it was dry, if ever completed. In the fall of 1913, they drilled another hole on the place which contained a showing of oil. In the spring of 1914 another well was drilled which produced a small quantity of oil. There was no more drilling. The company moved one or more tanks on the premises and put in pumping machinery. The wells were pumped a little from time to time but produced very little oil. The lessor insisted upon further development and told lessees he would bring suit for a cancellation of the lease if other drilling was not done. He repeatedly demanded a surrender of the lease. Finally the lessees left the premises and did nothing more in the way of development from the year 1914 up to the time of the commencement of this action in 1920. In the

meantime a number of wells had been drilled on adjoining leases with good results. About the year 1915, the Dukes sold and conveyed the land and it was again transferred until it reached Johnson and Stein. Likewise the lease contract was assigned until it became the property of D. Troy Hails, trustee.

The case was prepared by the taking of a large amount of evidence and the court rendered judgment declaring the lease of May 9, 1913, made by the Dukes to the White Plains Oil & Gas Company and now claimed by Hails, to have been abandoned and therefore forfeited and of no force or effect, and quieted the title of Johnson and Stein to the leases. It is from this judgment that this appeal is prosecuted.

The evidence is long and rather indefinite. As we read it, the first well was drilled immediately after the making of the contract in May, 1913, and was dry. The next well was but little better, and the third drilled about the first of 1914 was but a small producer. These wells were pumped and some oil produced and marketed, the lessors receiving at one time $5.00 and a few cents as royalty and at another time about $7.00. This last payment of royalties was about the year 1916 or 1917. In the meantime some oil had been pumped into a tank but the tank leaked and it ran out. The lessees then went away and left the property and engaged in the development of other oil leases. Nothing more was done upon the premises to develop the lease for oil and gas purposes for about three years.

We think these facts indicate an abandonment upon the part of the lessees, which abandonment warranted an annulment of the lease and justified the trial court in entering judgment quieting the title of Johnson and Stein to the property. An abandonment by the lessees of the premises need not be proclaimed by word of mouth but may be inferred from conduct. Bay State Petroleum Co. v. Lubricating Co., 121 Ky. 641. In the case of Berry v. Frisbie, 120 Ky. 337, and in the case of Soaper v. King, 167 Ky. 121, we held in substance that if oil or gas is found in paying quantities then the lessees are bound to diligently work and operate the lease so as to bring the product to a present market, and so as to promptly yield the lessor his royalties; and, that unless the lessees did so actually develop the land in question and in good faith and with diligence operate it, the lease would be deemed abandoned.

In the case of Monarch Oil & Gas Company v. Hunt, 193 Ky. 315, we said:

"An oil well from which no oil is produced is, as to the lessor waiting for royalties, as no well at all. The lease is a cloud upon his title, a burden upon the estate. Such a contract must be mutual and be supported by a sufficient consideration. If after drilling a well in which there is oil or gas the lessee goes away and leaves it for an unreasonable time without an effort to further develop the lease or market the oil, it will amount to an abandonment of the lease unless the lease is kept in force by the payment of rentals or in some other way, and a court of equity will relieve the lessor from the contract and cancel it. Soaper, et al. v. King, et al., 167 Ky. 121.

"The facts in this case bring it within that rule. The lessee abandoned the lease and took away its machinery. It did nothing of consequence on the lease for more than one year after drilling in the wells before the commencement of this action. This was, under the facts of this case, an unreasonable time to delay the development of the lease; the oil company could have kept the lease contract in force by paying the stipulated rentals, unless the lessor had notified it to proceed with development. This he did not do. It could have proceeded with the production of oil from the wells and the payment of royalties and avoid an annulment of the lease, but the oil company did neither of these things and must be held to have abandoned the lease contract."

The text of Thornton on Oil and Gas, page 262, says:

"A cesser of work will operate as a termination of a lease by abandonment, especially where the first or second well proved to be a dry one. Thus where a lease was for 'fifteen years, and as much longer as oil and gas is found in paying quantities,' and the lessee erected a 'rig,' drilled a test well, but obtained no oil, and thereupon removed the machinery used in drilling, leaving nothing but a wooden tank, which rotted, asserting no title to the premises for nine years, when other lessees found oil in paying quantities, it was held that the first lease had been terminated by an abandonment."

In Pennsylvania it was held that a cesser of work for two years, although oil had been found in paying quantities, warranted an equitable forfeiture of the lease. Cole v. Taylor, 8 Pa., Superior Court, 19. Thornton lays down the rule that if the lease contract required work to be commenced within a certain time but does not provide when the well shall be completed, yet the lessee may not suspend the work after he has commenced with it but must push the work with ordinary diligence until the well or wells are completed.

The landlord in this case seems to have treated the lease contract as at an end, the lessee having left the premises for a long period of time without work or development. No doubt the lessee would have continued to treat the contract in the same manner but for the finding of oil in paying quantities on nearby lands. This aroused the interest of the former lessees and they undertook to hold the premises. Having abandoned the premises when it was their duty to prosecute the work of development with reasonable diligence they will not be allowed to return and take possession under their abandoned contract after the lapse of an unreasonable time. What constitutes an unreasonable time depends upon the facts and circumstances of each case. Where active drilling is going on in the neighborhood a much shorter period will be held a reasonable time than in a wild-cat territory where little drilling is in progress. In cases like the one under consideration we have held that an abandonment for as much as a year worked a forfeiture of the leasehold, and we see no reason why the same rule should not be applied in this case.

For the reasons indicated the judgment is affirmed.